DANIEL FENCHEL, PLAINTIFF-APPELLEE, v. STANISLAW WOJTOWICZ, DEFENDANT-APPELLANT.

Argued May 5, 1931—Decided June 16, 1931.

Before Justices LLOYD, CAMPBELL and BODINE.

For the defendant-appellant, *Seclow & Nessanbaum.*

For the plaintiff-appellee, *I. Faerber Goldenhorn.*

PER CURIAM.

The appeal in this case brings up a judgment of the Second District Court of Jersey City in favor of the plaintiff in the sum of $500.

Plaintiff, a real estate broker, sued to recover commissions on the sale of defendant's property at No. 561 Avenue A, Bayonne. There was no contract in writing and plaintiff's recovery can only be justified under the provisions of chapter 273, *Pamph. L.* 1918.

The proofs indicate that on March 26th, 1928, a conversation took place between the parties respecting the sale of the premises referred to. The plaintiff prepared a written notice dated March 31st, 1928, which purports to conform with the statute, and procured its service upon the defendant, who admitted receipt thereof, April 2d. This is the only proof on the point; hence, there is no basis for the finding that the notice was served within the statutory period.

The judgment, however, must be reversed, if for no other reason because the proof shows that on March 29th, 1928,

before any notice whatever was served, the defendant had entered into a binding contract for the sale of the premises in question.

The Court of Errors and Appeals said in *Polow* v. *Silverman*, 105 *N. J. L.* 426: "The written notice to be given by the broker must antedate, in its service, the sale or exchange of the property for, unless that is done, of course, it would be impossible for the owner, after receiving this notice, to repudiate or terminate the oral agreement prior to the actual sale or exchange of the property."

The judgment below is reversed, with costs.